1  SEYFARTH SHAW LLP
   Dana L. Peterson (State Bar No. 178499)
2  Andrew M. McNaught (State Bar No. 209093)
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant KAISER FOUNDATION HOSPITALS

6

7

8

9                     UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11  MARCELLA TRAN,                    )   USDC Case No. 07 CV 4384 PJH
                                      )
12            Plaintiff,              )   **DEFENDANT KAISER FOUNDATION**
                                      )   **HOSPITALS' ANSWER TO**
13       vs.                          )   **PLAINTIFF'S COMPLAINT**
                                      )
14  GEORGE HALVORSON, CEO/CHAIRMAN,   )
    KAISER FOUNDATION HOSPITALS,      )
15  BETTIE COLES, RICHARD SIMMS;      )
    PATRICIA HERNANDEZ; BRENDA        )
16  ROBINSON; MILTON AQUINO; EARLENE  )
    PERSON, YOLANDA CHAVEZ; SAL       )
17  CURSIO and DOES 1 through 20, Inclusive, )
                                      )
18            Defendants.             )
                                      )
19  _____)

20        Defendant KAISER FOUNDATION HOSPITALS, ("Defendant") responds to Plaintiff

21  MARCELLA TRAN'S ("Plaintiff") Complaint for Damages ("Complaint") as follows:

22                        **PRELIMINARY STATEMENTS**

23        1.    The allegations contained in Paragraph 1 of the Complaint are not directed at

24  Defendant, accordingly no response is required.

25        2.    Defendant admits that George Halvorson, Bettie Coles, Richard Simms, Patricia

26  Hernandez, Brenda Robertson (erroneously sued as Brenda Robinson), Milton Aquino, Earlene

27  Person, and Yolanda Chavez were at all relevant times employed by Defendant.  Defendant

28  denies that it ever employed Sal Cursio.  Defendant no longer employs Milton Aquino.  The

                                        1

1  remaining allegations contained in Paragraph 2 of the Complaint contain conclusions of law to

2  which no response is required.  Except as so admitted, Defendant, denies the allegations in

3  Paragraph 2.

4        3.    Defendant admits the allegations contained in Paragraph 3 of the Complaint.

5        4.    Defendant admits it is a California not-for-profit corporation.  The remaining

6  allegations contained in Paragraph 4 of the Complaint contain conclusions of law, to which no

7  response is required.  Except as so admitted, Defendant, denies the allegations in Paragraph 4.

8        5.    The allegations contained in Paragraph 5 of the Complaint are not directed at

9  Defendant, accordingly no response is required.

10       6.    The allegations contained in Paragraph 6 of the Complaint are not directed at

11  Defendant, accordingly no response is required.

12       7.    The allegations contained in Paragraph 7 of the Complaint are not directed at

13  Defendant, accordingly no response is required.

14       8.    The allegations contained in Paragraph 8 of the Complaint are not directed at

15  Defendant, accordingly no response is required.

16       9.    The allegations contained in Paragraph 9 of the Complaint are not directed at

17  Defendant, accordingly no response is required.

18       10.   The allegations contained in Paragraph 10 of the Complaint are not directed at

19  Defendant, accordingly no response is required.

20       11.   The allegations contained in Paragraph 11 of the Complaint are not directed at

21  Defendant, accordingly no response is required.

22       12.   The allegations contained in Paragraph 12 of the Complaint are not directed at

23  Defendant, accordingly no response is required.

24       13.   The allegations contained in Paragraph 13 of the Complaint are not directed at

25  Defendant, accordingly no response is required.

26                      **FIRST CAUSE OF ACTION**

27       14.   Defendant incorporates by reference its responses to the allegations contained in

28  paragraphs 1-13 of the Complaint as though fully set forth herein.

1    15.   The allegations contained in Paragraph 15 of the Complaint contain conclusions of

2  law to which no response is required.

3    16.   The allegations contained in Paragraph 16 of the Complaint contain conclusions of

4  law to which no response is required.

5    17.   In answering Paragraph 17 of Plaintiff's Complaint, Defendant notes that Plaintiff

6  alleges "Defendants have discriminated against Plaintiff on the basis of race, national origin, age

7  and physical disability in violation of Cal. Gov't Section 12940 by engaging in the following

8  course of conduct: . . . ." Paragraph 17 then extends for nearly six pages, consisting of

9  approximately 22 unnumbered subparagraphs describing various allegations against Defendants.

10  The rules of pleading require "simple, concise and direct" averments.  See Fed. Rule of Civ.

11  Proc. 8(e)(1); *see also McHenry v. Renne (*9th Cir. 1996) 84 F.3d 1172, 80 (stating "[s]omething

12  labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without

13  simplicity, conciseness and clarity . . . fails to perform the essential functions of a complaint").

14  Paragraph 17 fails to satisfy the requirement of setting forth "simple, concise and direct"

15  allegations, making it unduly burdensome and harassing for Defendant to respond to each and

16  every myriad allegation contained therein.  Defendant, however, admits that Plaintiff's

17  employment as a janitor was terminated following investigation into an incident involving

18  Plaintiff's physical assault of a co-worker in a Kaiser pharmacy.  Both Kaiser Security and the

19  Oakland Police Department responded to the scene.  Plaintiff's assault on her co-worker left that

20  individual with swelling and bruising to her face.  At the time of Plaintiff's assault, she was

21  already undergoing disciplinary counseling for her poor attitude and insubordination in the

22  workplace.  Defendant further admits, based on information and belief, that Plaintiff's Union

23  refused to proceed with its grievance against Defendant on Plaintiff's behalf when it learned the

24  facts surrounding the events leading to Plaintiff's termination.  The remaining allegations

25  contained in Paragraph 17 either contain conclusions of law to which no response is required or

26  concern matters to which Defendant is without sufficient knowledge or information to form a

27  belief as to their truth and so on that basis denies each and every allegation contained therein.

28

3

DEFENDANT KAISER FOUNDATION HOSPITAL'S ANSWER TO COMPLAINT/CASE NO. 4384 PJH

1    18.   The allegations contained in Paragraph 18 of the Complaint contain conclusions of
2    law to which no response is required.
3    19.   The allegations contained in Paragraph 19 of the Complaint contain conclusions of
4    law to which no response is required.
5    20.   The allegations contained in Paragraph 20 of the Complaint contain conclusions of
6    law to which no response is required.
7    21.   The allegations contained in Paragraph 21 of the Complaint contain conclusions of
8    law to which no response is required.

9    **SECOND CAUSE OF ACTION**

10    22.   Defendant incorporates by reference its responses to the allegations contained in
11    paragraphs 14-22 of the Complaint as though fully set forth herein.
12    23.   The allegations contained in Paragraph 23 of the Complaint contain conclusions of
13    law to which no response is required.
14    24.   The allegations contained in Paragraph 24 of the Complaint contain conclusions of
15    law to which no response is required.

16    **THIRD CAUSE OF ACTION**

17    25.   Defendant incorporates by reference its responses to the allegations contained in
18    paragraphs 1-13 of the Complaint as though fully set forth herein.
19    26.   The allegations contained in Paragraph 26 of the Complaint contain conclusions of
20    law to which no response is required.
21    27.   The allegations contained in Paragraph 27 of the Complaint contain conclusions of
22    law to which no response is required.
23    28.   In answering Paragraph 28 of Plaintiff's Complaint, Defendant notes that Plaintiff
24    alleges "Defendants have discriminated and retaliated against Plaintiff on the basis of race,
25    national origin, age and physical disability because Plaintiff opposes a discriminatory practice or
26    asserts rights under Cal. Gov't Section 12940(f) by engaging in the following course of conduct:
27    . . . ." Paragraph 28 then extends for nearly six pages, consisting of approximately 22
28    unnumbered subparagraphs describing the alleged course of conduct.  The rules of pleading

4

1    require "simple, concise and direct" averments.  See Fed. Rule of Civ. Proc. 8(e)(1); *see also*

2    *McHenry v. Renne (*9th Cir. 1996) 84 F.3d 1172, 80 (stating "[s]omething labeled a complaint

3    but written more as a press release,  prolix in evidentiary detail, yet without simplicity,

4    conciseness and clarity . . . fails to perform the essential functions of a complaint"). Paragraph

5    28 fails to satisfy the requirement of setting forth "simple, concise and direct" allegations,

6    making it unduly burdensome and harassing for Defendant to respond to each and every

7    allegation contained therein.  Defendant, however, admits that Plaintiff's employment as a

8    janitor was terminated following investigation into an incident involving Plaintiff's physical

9    assault of a co-worker in a Kaiser pharmacy.  Both Kaiser Security and the Oakland Police

10   Department responded to the scene.  Plaintiff's assault on her co-worker left that individual with

11   swelling and bruising to her face.  At the time of Plaintiff's assault, she was already undergoing

12   disciplinary counseling for her poor attitude and insubordination in the workplace.  Defendant

13   further admits, based on information and belief, that Plaintiff's Union refused to proceed with its

14   grievance against Defendant on Plaintiff's behalf when it learned the facts surrounding the

15   events leading to Plaintiff's termination.  The remaining allegations contained in Paragraph 28

16   either contain conclusions of law to which no response is required or concern matters to which

17   Defendant is without sufficient knowledge or information to form a belief as to their truth and so

18   on that basis denies each and every allegation contained therein.

19                           **FOURTH CAUSE OF ACTION**

20         29.  Defendant incorporates by reference its responses to the allegations contained in

21   paragraphs 22-24 of the Complaint as though fully set forth herein.

22         30.  The allegations contained in Paragraph 30 of the Complaint contain conclusions of

23   law to which no response is required.

24         31.  The allegations contained in Paragraph 31 of the Complaint contain conclusions of

25   law to which no response is required.

26

27

28

DEFENDANT KAISER FOUNDATION HOSPITAL'S ANSWER TO COMPLAINT/CASE NO. 4384 PJH

1

**FIFTH CAUSE OF ACTION**

2    32.  Defendant incorporates by reference its responses to the allegations contained in

3   paragraphs 1-13 of the Complaint as though fully set forth herein.

4    33.  Defendant admits the allegations contained in Paragraph 33 of the Complaint.

5    34.  Defendant denies that an express or implied in fact contract ever existed between

6   Plaintiff and Defendant.  The remaining allegations contained in Paragraph 34 of the Complaint

7   are not directed at Defendant, accordingly no response is required.

8        A.  Defendant denies the allegations contained in Paragraph 34, subpart A of the

9           Complaint.

10       B.  Defendant denies the allegations contained in Paragraph 34, subpart B of the

11          Complaint.

12       C.  Defendant denies the allegations contained in Paragraph 34, subpart C of the

13          Complaint.

14       D.  Defendant denies the allegations contained in Paragraph 34, subpart D of the

15          Complaint.

16       E.  Defendant denies the allegations contained in Paragraph 34, subpart E of the

17          Complaint.

18       F.  Defendant denies the allegations contained in Paragraph 34, subpart F of the

19          Complaint.

20    35.  Defendant denies the allegations contained in Paragraph 35 of the Complaint.

21       A.  Defendant denies the allegations contained in Paragraph 35, subpart A of the

22          Complaint.

23       B.  Defendant denies the allegations contained in Paragraph 35, subpart B of the

24          Complaint.

25       C.  Defendant is without sufficient knowledge or information to form a belief as

26          to the truth of the allegations contained in Paragraph 35, subpart C and so on

27          that basis denies each and every allegation contained therein.

28

6

1   36.  Defendant is without sufficient knowledge or information to form a belief as to the

2   truth of the allegations contained in Paragraph 36 and so on that basis denies each and every

3   allegation contained therein.

4   37.  Defendant is without sufficient knowledge or information to form a belief as to the

5   truth of the allegations contained in Paragraph 37 and so on that basis denies each and every

6   allegation contained therein.

7   38.  Defendant denies the allegations contained in Paragraph 38 of the Complaint.

8   A.  Defendant denies the allegations contained in Paragraph 38, subpart A of the

9   Complaint.

10   B.  Defendant denies the allegations contained in Paragraph 38, subpart B of the

11   Complaint.

12   C.  Defendant denies the allegations contained in Paragraph 35, subpart C of the

13   Complaint.

14   39.  Defendant denies that an express or implied in fact contract ever existed between

15   Plaintiff and Defendant.  The remaining allegations contained in Paragraph 39 of the Complaint

16   are either not directed at Defendant or contain conclusions of law to which no response is

17   required, accordingly Defendant does not respond to the remaining allegations contained in

18   Paragraph 39. To the extent a response is required, Defendant denies each and every allegation

19   contained in Paragraph 39.

20   40.  Defendant denies that an express or implied in fact contract ever existed between

21   Plaintiff and Defendant. The remaining allegations contained in Paragraph 40 of the Complaint

22   are either not directed at Defendant or contain conclusions of law to which no response is

23   required, accordingly Defendant does not respond to the remaining allegations contained in

24   Paragraph 40. To the extent a response is required, Defendant denies each and every allegation

25   contained in Paragraph 40.

26   41.  Defendant denies that an express or implied in fact contract ever existed between

27   Plaintiff and Defendant.  Defendant is without sufficient knowledge or information to form a

28

1   belief as to the truth of the of the remaining allegations contained in Paragraph 41, and so on that

2   basis denies each and every allegation contained therein.

3                                        **SIXTH CAUSE OF ACTION**

4          42.   Defendant incorporates by reference its responses to the allegations contained in

5   paragraphs 1-13 of the Complaint as though fully set forth herein.

6          43.  Defendant denies that an express or implied in fact contract ever existed between

7   Plaintiff and Defendant and on that basis denies each and every allegation contained in

8   Paragraph 43.

9          44.  Defendant is without sufficient knowledge or information to form a belief as to the

10  truth of the allegations contained in Paragraph 44 and so on that basis denies each and every

11  allegation contained therein.

12         45.  Defendant denies that an express or implied in fact contract ever existed between

13  Plaintiff and Defendant and on that basis denies each and every allegation contained in

14  Paragraph 45.

15              A.  Defendant denies the allegations contained in Paragraph 45, subpart A of the

16                  Complaint.

17              B.  Defendant denies the allegations contained in Paragraph 45, subpart B of the

18                  Complaint.

19              C.  Defendant denies the allegations contained in Paragraph 45, subpart C of the

20                  Complaint.

21              D.  Defendant denies the allegations contained in Paragraph 45, subpart D of the

22                  Complaint

23              E.  Defendant denies the allegations contained in Paragraph 45, subpart E of the

24                  Complaint

25              F.  Defendant denies the allegations contained in Paragraph 45, subpart F of the

26                  Complaint.

27

28

DEFENDANT KAISER FOUNDATION HOSPITAL'S ANSWER TO COMPLAINT/CASE NO. 4384 PJH

1    46.  Defendant denies that an express or implied in fact contract ever existed between

2  Plaintiff and Defendant and on that basis denies each and every allegation contained in

3  Paragraph 46.

4          A.  Defendant denies the allegations contained in Paragraph 46, subpart A of the

5              Complaint.

6          B.  Defendant denies the allegations contained in Paragraph 46, subpart B of the

7              Complaint.

8          C.  Defendant denies the allegations contained in Paragraph 46, subpart C of the

9              Complaint.

10   47.  Defendant denies that an express or implied in fact contract ever existed between

11  Plaintiff and Defendant and on that basis denies each and every allegation contained in

12  Paragraph 47.

13   48.  Defendant denies that an express or implied in fact contract ever existed between

14  Plaintiff and Defendant and on that basis denies each and every allegation contained in

15  Paragraph 47.

16                       **SEVENTH CAUSE OF ACTION**

17   49.  Defendant incorporates by reference its responses to the allegations contained in

18  Paragraphs 1-13 of the Complaint as though fully set forth herein.

19   50.  Defendant denies that it violated California Government Code § 12940 et seq., in

20  particular Defendant denies that it failed to prevent any alleged harassment, discrimination or

21  retaliation against Plaintiff.

22   51.  Defendant denies the allegations contained in Paragraph 51 of the Complaint.

23   52.  Defendant denies the allegations contained in Paragraph 52 of the Complaint.

24                        **EIGHTH CAUSE OF ACTION**

25   53.  Defendant incorporates by reference its responses to the allegations contained in

26  Paragraphs 1-13 and Paragraphs 32- 41 of the Complaint as though fully set forth herein.

27   54.  Defendant denies the allegations contained in Paragraph 54 of the Complaint.

28   55.  Defendant denies the allegations contained in Paragraph 55 of the Complaint.

DEFENDANT KAISER FOUNDATION HOSPITAL'S ANSWER TO COMPLAINT/CASE NO. 4384 PJH

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 and so on that basis denies each and every allegation contained therein.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

## NINTH CAUSE OF ACTION

61. Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1-13 of the Complaint as though fully set forth herein.

62. The allegations contained in Paragraph 62 of the Complaint contain conclusions of law to which no response is required.

63. The allegations contained in Paragraph 63 of the Complaint contain conclusions of law to which no response is required.

64. The allegations contained in Paragraph 64 of the Complaint contain conclusions of law to which no response is required.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant's allegation that she exhausted all of her administrative remedies constitutes a conclusion of law to which no response is required. Defendant is without sufficient knowledge or information to form a belief as to the truth of the of the remaining allegations contained in Paragraph 67, and so on that basis denies each and every allegation contained therein.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

DEFENDANT KAISER FOUNDATION HOSPITAL'S ANSWER TO COMPLAINT/CASE NO. 4384 PJH

1

## SEPARATE DEFENSES

2    By way of defenses to the allegations of the COMPLAINT herein, Defendant alleges as

3    follows:

4

## FIRST SEPARATE DEFENSE

5    (Failure to State a Cause of Action -- all causes of action)

6    Plaintiff's COMPLAINT, and each purported cause of action alleged therein, fails to state

7    facts sufficient to constitute a cause of action upon which any relief may be granted.

8

## SECOND SEPARATE DEFENSE

9    (Statute of Limitations -- all causes of action)

10    Plaintiff's purported causes of action are barred by the applicable statutes of limitations,

11    including, but not limited to, California Code of Civil Procedure §§ 335.1, 337(1), 338(a),

12    339(1), and California Government Code §§ 12960 and 12965.

13

## THIRD SEPARATE DEFENSE

14    (Workers' Compensation Preemption -- all causes of action)

15    Any and all claims by Plaintiff based in whole or in part upon any alleged physical or

16    emotional injury or distress to Plaintiff are barred and preempted by the exclusivity provisions of

17    the California Workers' Compensation Act. (Labor Code §§ 3200 et seq.).

18

## FOURTH SEPARATE DEFENSE

19    (Ratification -- all causes of action)

20    Plaintiff's purported causes of action are barred in whole or in part to the extent that any

21    conduct attributable to Defendant was ratified by Plaintiff.

22

## FIFTH SEPARATE DEFENSE

23    (Waiver -- all causes of action)

24    Plaintiff's purported causes of action are barred in whole or in part by the doctrine of

25    waiver.

26

## SIXTH SEPARATE DEFENSE

27    (Equitable Estoppel -- all causes of action)

28    Plaintiff's purported causes of action are barred in whole or in part by Plaintiff's own

1   improper conduct, acts or omissions, and therefore, he is equitably estopped from recovering on

2   any of her claims.

### SEVENTH SEPARATE DEFENSE

(Unclean Hands -- all causes of action)

5   Plaintiff's purported causes of action are barred in whole or in part by the doctrine of

6   unclean hands.

### EIGHTH SEPARATE DEFENSE

(At-Will Employment – all causes of action)

9   Plaintiff's purported causes of action are barred pursuant to California Labor Code

10  § 2922 in that Plaintiff's employment was, at all times, at-will.

### NINTH SEPARATE DEFENSE

(Failure to Mitigate Damages -- all causes of action)

13  Plaintiff is not entitled to back pay and/or other damages, to the extent that she failed to

14  seek and obtain other employment and otherwise failed to mitigate her alleged loss of wages or

15  other damages.

### TENTH SEPARATE DEFENSE

(Good Cause -- all causes of action)

18  Legal and good cause for Defendant's actions existed pursuant to law.

### ELEVENTH SEPARATE DEFENSE

(Good Faith -- all causes of action)

21  Defendant acted reasonably and in good faith at all times material herein based on all

22  relevant facts and circumstances known by Defendant.

### TWELFTH SEPARATE DEFENSE

(Legitimate Non-Discriminatory Factors -- all causes of action)

25  Plaintiff's purported causes of action are barred in whole or in part because all actions

26  undertaken by Defendants were based on legitimate and non-discriminatory business reasons,

27  purposes, or necessity.

28

DEFENDANT KAISER FOUNDATION HOSPITAL'S ANSWER TO COMPLAINT/CASE NO. 4384 PJH

**THIRTEENTH SEPARATE DEFENSE**

(Privilege or Justification -- all causes of action)

Plaintiff's purported causes of action are barred because any actions and/or omissions attributable to Defendant were at all times privileged or justified.

**FOURTEENTH SEPARATE DEFENSE**

(No Punitive Damages -- all causes of action)

Plaintiff is not entitled to recover any punitive or exemplary damages, and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to California Civil Code § 3294.  Plaintiff's claim for punitive damages is further barred because it violates the due process clauses of the California Constitution and the Constitution of the United States of America.

**FIFTEENTH SEPARATE DEFENSE**

(After Acquired Evidence – all Causes of Action)

Defendant is informed and believes and thereon alleges that Plaintiff's COMPLAINT, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of after-acquired evidence or, alternatively, the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

**SIXTEENTH SEPARATE DEFENSE**

(Management Discretion – all Causes of Action)

Any and all conduct of which Plaintiff complains or which is attributed to Defendant was a just and proper exercise of management discretion on the part of Defendant undertaken for a fair and honest reason.

**SEVENTEENTH SEPARATE DEFENSE**

(Attorneys' Fees - all Causes of Action)

Plaintiff knew or should have known that the Complaint, and each of the causes of action alleged therein, is without any reasonable basis in law and equity and cannot be supported by a good faith argument for extension, modification, or reversal of existing law.  As a result of

13

1  Plaintiff's filing of this lawsuit, Defendant has been required to obtain the services of the

2  undersigned attorneys and have and will continue to incur substantial costs and attorneys' fees in

3  defense of this frivolous case.  Defendant is therefore entitled to recover reasonable attorneys'

4  fees, expenses, and costs incurred by and through this action in accordance with California Code

5  of Civil Procedure § 128.5.

6  ### EIGHTEENTH SEPARATE DEFENSE

7  (Alternative Stressors -- all causes of action)

8  To the extent that Plaintiff has suffered symptoms of mental or emotional distress or

9  injury, such symptoms are the result of a preexisting psychological or physical disorder or an

10  alternative concurrent cause, and not the result of any act or omission of Defendants.

11  ### NINETEENTH SEPARATE DEFENSE

12  (Willful Misconduct -- all causes of action

13  Plaintiff was, at all times and places set forth in the COMPLAINT, guilty of willful

14  misconduct in and about the matters alleged therein, which willful misconduct bars Plaintiff from

15  recovery.

16  ### TWENTIETH SEPARATE DEFENSE

17  (Condition Precedent-- all Causes of Action)

18  The conditions precedent to Defendant's performance under any employment contract, if

19  one in fact even existed, did not occur and/or were not performed by Plaintiff, and Defendant,

20  therefore, are not obligated to perform under any such contract.

21  ### TWENTY-FIRST SEPARATE DEFENSE

22  (Labor Code § 2924-- all Causes of Action)

23  Plaintiff's causes of action are barred pursuant to California Labor Code § 2924 in that

24  Plaintiff willfully breached her duties in the course of her employment, neglected her duties as an

25  employee, or continually was incapable of performing such duties.

26

27

28

14

DEFENDANT KAISER FOUNDATION HOSPITAL'S ANSWER TO COMPLAINT/CASE NO. 4384 PJH

1

### TWENTY-SECOND SEPARATE DEFENSE

2

(Labor Code § 2854 and 2856--all Causes of Action)

3     Plaintiff's claims are barred by virtue of California Labor Code sections 2854 and 2856

4 in that Plaintiff failed to use ordinary care and diligence in the performance of her duties and

5 failed to comply substantially with the reasonable directions of her employer.

6

### TWENTY-THIRD SEPARATE DEFENSE

7

(Accord and Satisfaction – second and third Causes of Action)

8     Plaintiff's Complaint, and each of the causes of action alleged therein, is barred by the

9 doctrine of accord and satisfaction and release and waiver.

10

### TWENTY-FOURTH SEPARATE DEFENSE

11

(Breach of Contract – second and third Causes of Action)

12     Plaintiff's claims are barred as to any claim based on any alleged contract because

13 Plaintiff substantially and materially breached the contract, if any there were, complained of

14 prior to the commencement of this action, which conduct extinguishes the right to maintain this

15 action.

16

### TWENTY-FIFTH SEPARATE DEFENSE

17

(Failure to Exhaust Administrative Remedies-All Causes of Action)

18     Plaintiff's purported causes of action are barred based on her failure to exhaust her

19 administrative remedies under the California Government Code and/or the applicable Collective

20 Bargaining Agreement.

21

22

### ADDITIONAL DEFENSES

23     Defendant presently has insufficient knowledge or information upon which to form a

24 belief whether there may be additional, as yet unstated, defenses and reserve the right to assert

25 additional defenses in the event that discovery indicates that such defenses are appropriate.

26     WHEREFORE, having answered Plaintiff's complaint, Defendant prays:

27     1.    That this Answer be deemed good and sufficient;

28

15

2.      That the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

3.      In the alternative, after due proceedings are had, there be a judgment herein in favor of Defendant and against Plaintiff;

4.      That Defendant be awarded its costs of suit and reasonable attorneys' fees and expenses;

5.      That Defendant be awarded pre-judgment interest on the foregoing costs and attorneys' fees at the maximum rate permitted by law;

6.      That Defendant be awarded post-judgment interest on the foregoing amount at the maximum rate permitted by law; and,

7.      That Defendant be awarded such other relief as the Court may deem just and proper.

DATED: September 12, 2007                    SEYFARTH SHAW LLP


                                             By_____\s_____
                                                  Dana L. Peterson
                                                  Andrew M. McNaught

                                             Attorneys for Defendant
                                             KAISER FOUNDATION HOSPITALS