SEYFARTH SHAW LLP
Dana L. Peterson (State Bar No. 178499)
dpeterson@seyfarth.com
Andrew M. McNaught (State Bar No. 209093)
amcnaught@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant KAISER FOUNDATION HOSPITALS

LAW OFFICES OF CHARLES J. KATZ
Charles J. Katz (State Bar No. 68459)
475 El Camino Real #300
Millbrae, CA 94030
Telephone: (415) 692-4100
Facsimile: (415) 692-2900

Attorneys for Plaintiff MARCELLA TRAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLA TRAN,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE HALVORSON, CEO/CHAIRMAN, KAISER FOUNDATION HOSPITALS; KAISER FOUNDATION HOSPITALS; BETTIE COLES, RICHARD SIMMS; PATRICIA HERNANDEZ; BRENDA ROBINSON, MILTON AQUINO; EARLENE PERSON, YOLANDA CHAVEZ; SAL CURSIO and DOES 1 through 20, Inclusive,<br><br>Defendants. | USDC Case No. 07 CV 4384 PJH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: November 29, 2007<br>Time: 2:30 p.m.<br>Judge: Hon. Phyllis J. Hamilton<br>Place: Courtroom 3, 17th Fl. |

Plaintiff MARCELLA TRAN ("Plaintiff") and defendant KAISER FOUNDATION HOSPITALS ("Defendant" or "Kaiser") submit this Joint Case Management Conference Statement and request the Court to adopt it as its Case Management Order in this case.

1. **JURISDICTION AND SERVICE**

Defendant removed this case from the Superior Court, County of Alameda, on August 24,

1

2007 pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446, based on LMRA § 301 preemption, 29 U.S.C. § 185. Plaintiff did not contest the removal. The Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the action arises under the laws of the Unites States of America. The parties agree that venue is proper in this judicial district pursuant to 28. U.S.C. § 1391.

Plaintiff has not served named defendants Sal Cursio and Milton Aquino. Cursio has never been a Kaiser employee, and Aquino is a former Kaiser employee. By Order dated September 17, 2007, the Court granted the parties' stipulation to dismiss without prejudice individually-named defendants George Halvorson, Bettie Coles, Richard Simms, Patricia Hernandez, Brenda Robertson, Earlene Person, and Yolanda Chavez. Each of these defendants is a Kaiser employee, and Mr. Halvorson is the Chairman and CEO of Kaiser Permanente.

## 2. FACTS

Plaintiff filed her state court lawsuit in Alameda County on June 4, 2007 against Defendant Kaiser and nine named individual defendants. She alleges nine claims, including California Fair Employment and Housing Act ("FEHA") and common law discrimination, harassment, and retaliation claims based on race/national origin, age, and disability; breach of contract claims; and a common law tort claim for "fraud and deceit."

Plaintiff was employed by Kaiser for approximately 8 years as a janitor in its Environmental Services ("EVS") department. She worked at various Kaiser hospital facilities in San Francisco and Oakland as an EVS employee. Her employment with Kaiser was at all times governed by a Collective Bargaining Agreement ("CBA") between Kaiser and Plaintiff's union, Heath Care Workers' Union, SEIU Local 250.

Defendant asserts that Plaintiff exhibited serious performance and disciplinary problems beginning in 2002, for which she was repeatedly counseled both verbally and in writing. Finally, Plaintiff was involved in a physical altercation with a co-worker on June 9, 2005 inside a pharmacy at Kaiser Oakland, wherein Plaintiff slapped the co-worker in the face. Kaiser Security and the Oakland Police Department responded to the scene. Plaintiff was immediately suspended. Following an investigation into the incident, Plaintiff's employment was terminated

on or about June 17, 2005. Plaintiff's union ultimately refused to pursue a grievance on her behalf regarding her termination, as alleged by Plaintiff in her Complaint.

Plaintiff asserts that Kaiser discriminated and retaliated against her on the basis of her age, her race/national origin, and a physical disability. Plaintiff further contends that Kaiser harassed her on one or more of these bases, and failed to prevent discrimination against her under the FEHA. Plaintiff also asserts that Kaiser breached express and implied-in-fact employment contracts with her, and that Kaiser engaged in "fraud and deceit" by making misrepresentations and false promises to her regarding her job security and her performance. Plaintiff denies that she slapped a co-worker on June 9, 2005, and contends that she was falsely accused of doing so.

The factual issues in dispute in the case include the following:

A. Whether Plaintiff has a physical disability.

B. Whether Plaintiff ever requested accommodation for any alleged disability, and whether any alleged disability was related to Plaintiff's termination in any respect.

C. Whether Plaintiff exhibited serious and on-going performance and disciplinary issues.

D. Whether Plaintiff struck a fellow Kaiser employee in the face during an altercation on June 9, 2005.

E. Whether Plaintiff was terminated for performance and disciplinary reasons, culminating in the June 9, 2005 incident.

F. Whether Plaintiff was discriminated against.

G. Whether Plaintiff was harassed.

H. Whether Plaintiff was retaliated against.

I. Whether Kaiser breached any contract with Plaintiff.

J. Whether Kaiser committed fraud against Plaintiff.

**3.   LEGAL ISSUES**

The parties dispute the following legal issues:

    A.    Whether Defendant discriminated or retaliated against Plaintiff under the FEHA or common law when it terminated her employment, or harassed her on the basis of her age, race/national origin, or a disability under the FEHA.

    B.    Whether Defendant failed to prevent discrimination against Plaintiff under the FEHA.

    C.    Whether an express or implied contract of continued employment between Plaintiff and Defendant existed, and if so, whether Defendant breached that contract;

    D.    Whether Defendant breached an implied covenant of good faith and fair dealing with Plaintiff when it terminated her employment.

    E.    Whether Defendant terminated Plaintiff's employment for "good cause" under the terms of the CBA.

    F.    Whether Defendant committed the tort of "fraud and deceit" against Plaintiff.

**4.** **MOTIONS**

The parties have filed no prior or pending motions, aside from Defendant's Removal to this Court, described above. Defendant filed an Answer to Plaintiff's complaint on September 12, 2007. Defendant will file a motion for summary judgment. Plaintiff does not anticipate any motions at this time.

**5.** **AMENDMENT OF PLEADINGS**

The parties are unaware at this time of any reasons for parties, claims, or defenses to be added or dismissed.

**6.** **EVIDENCE PRESERVATION**

Both parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action, including preservation of any electronically recorded material.

**7.** **DISCLOSURES**

The parties intend to exchange their Initial Disclosures by November 28, 2007.

**8.** **DISCOVERY**

No discovery has been taken to date. The parties have agreed to the following discovery plan:

### A. Non-expert discovery

Defendant will take Plaintiff's deposition. Defendant believes that it will need two seven-hour days of actual deposition time to complete Plaintiff's deposition, in part because an interpreter will be necessary for the deposition. Prior to Plaintiff's deposition, Defendant will serve a request for production of documents and special interrogatories. Defendant also intends to conduct discovery relating to Plaintiff's medical history/records, and may conduct additional written discovery. It will conduct additional depositions as necessary.

If the circumstances warrant, Defendant anticipates that it will conduct one or more independent medical examinations to evaluate any emotional distress claimed by Plaintiff and to determine whether Plaintiff suffers from any disability.

Plaintiff intends to take deposition(s) of her former supervisor(s) and any relevant decision- makers with Defendant. She will serve written discovery prior to the depositions, including but not necessarily limited to a request for production of documents, interrogatories, and a request for admissions. Plaintiff will conduct additional discovery as necessary.

Other than as described above, the parties do not propose any limitation on, or change in, the number of discovery requests or the duration of discovery, other than what the federal and local rules already provide. The parties do not propose any limitation on the subject matter of discovery, other than what the federal and local rules already provide.

### B. Expert discovery

The parties may designate experts as necessary, and they may determine to depose each other's designated experts. Defendant requests that the Court consider setting expert-related deadlines after the time at which dispositive motions would be decided, so the parties can avoid the expense of experts if the case is disposed of via motion practice. Plaintiff requests that expert identification and reports proceed expeditiously, but would be willing to delay expert depositions until after dispositive motions are heard.

### C. Deadlines for completion of discovery

The parties believe that they can complete an initial round of written discovery by February 2008. Depositions would then be completed by August 2008. Any additional written

discovery would be completed shortly thereafter. Expert discovery would then follow.

**9. CLASS ACTION**

Not applicable.

**10. RELATED CASES**

Not applicable.

**11. RELIEF**

Plaintiff seeks compensatory and punitive damages, as well as an award of attorneys' fees. At this early stage in the litigation, without discovery and the opportunity to develop any expert analysis, Plaintiff is unable to provide specific calculations as to the amounts.

Nevertheless, Plaintiff states that her compensatory damages will include economic and non-economic losses. For economic losses, Plaintiff will seek past lost wages, calculated at the amount of Plaintiff's salary, plus the value of her benefits, minus any employment earnings she has obtained since the date of her termination, calculated to the date of judgment. Plaintiff may also seek pre-judgment interest, if appropriate. In addition, Plaintiff will seek an award of "front pay" calculated at the differential between what she is likely to make in the future and what she would have made had she not been purportedly discriminatorily terminated. Such front pay should be calculated at present-day values (at the time of trial) for a reasonable number of years into the future, according to the proof submitted to the jury at trial.

For non-economic losses, Plaintiff will seek compensation for emotional distress, psychological injury, embarrassment, and loss of enjoyment of life. The amount of such damages will be determined according to the proof submitted at trial. Plaintiff also seeks punitive damages.

Defendant anticipates challenging some and likely all of Plaintiff's alleged damages, but until it receives Plaintiff's calculations of same, it is unable to be more specific at this time as to how they will be challenged.

**12. SETTLEMENT AND ADR**

The parties have not yet attempted to settle this matter. The parties have agreed to private mediation, and will agree on a mediator. Pursuant to the Court's November 16, 2007

Order, the parties will complete the mediation within 120 days of the date of the Order, or March 14, 2008.

### 13. CONSENT TO MAGISTRATE FOR ALL PURPOSES

Defendant has previously declined to proceed before a magistrate, and continues to so decline.

### 14. OTHER REFERENCES

Not applicable.

### 15. NARROWING OF THE ISSUES

At this time, it is unknown whether issues can be narrowed.

### 16. EXPEDITED SCHEDULE

The parties do not consent to an expedited schedule at this time.

### 17. SCHEDULING

Plaintiff and Defendant request a trial date in early February 2009. Lead trial counsel for Defendant will be out on an approximately six month maternity leave from April to October 2008, making an earlier trial date impractical.

### 18. TRIAL

Plaintiff has requested a jury trial. The estimated length of trial is seven to ten days.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has no such persons or entities to disclose. Defendant Kaiser Foundation Hospitals is part of the Kaiser Permanente healthcare system. Other entities are associated with Defendant in that they are also part of the Kaiser Permanente healthcare system. However, neither the named defendant, nor any of the other associated entities, are publicly-held companies. No entity other than an entity that is part of the Kaiser Permanente healthcare system has any financial interest in the outcome of this litigation.

### 20. MATTERS THAT MAY FACILITATE THE DISPOSITION OF THIS MATTER.

None known at this time.

DATED: November 20, 2007                         SEYFARTH SHAW LLP


                                                 By:_____/s/_____
                                                    Dana L. Peterson
                                                    Andrew M. McNaught

                                                 Attorneys for Defendant
                                                 KAISER FOUNDATION HOSPITALS


DATED: November 20, 2007                         LAW OFFICE OF CHARLES J. KATZ


                                                 By:_____/s/_____
                                                    Charles J. Katz

                                                 Attorneys for Plaintiff
                                                 MARCELLA TRAN